IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ASHLEY HILL,

    Plaintiff,

v.

                                No. 4:18cv00129-JJV

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM AND ORDER

Ashley Hill, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. An Administrative Law Judge (ALJ) considered Ms. Hill's case and concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed that she could perform despite her impairments. (Tr. 10-20.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

1

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint is DISMISSED.

Plaintiff is young – only thirty-three years old at the time of the administrative hearing. (Tr. 18.)  She has a high school education but no past relevant work.  (*Id*.)

The ALJ[1] found Ms. Hill had not engaged in substantial gainful activity since July 14, 2014 - the application date.  (Tr. 12.)  She has "severe" impairments in the form of major depressive and personality disorders.  (*Id*.)  The ALJ further found Ms. Hill did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 12-13.)

The ALJ determined Ms. Hill had the residual functional capacity to perform work at all exertional levels but was limited to unskilled work where:  1) interpersonal contact is incidental to the work performed; 2) the complexity of tasks is learned and performed by rote; 3) there are few variables; 4) little independent judgment is required; and 5) the supervision required is simple, direct, and concrete.  (Tr. 14.)  Based on this residual functional capacity assessment and because he determined Ms. Hill had no past relevant work, the ALJ utilized the services of a

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 40-42.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of kitchen helper and poultry dresser. (Tr. 19.) Accordingly, the ALJ determined Ms. Hill was not disabled. (Tr. 19-20.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 3.)

In support of her Complaint, Plaintiff argues the ALJ erred by failing to find Plaintiff's chronic migraine headaches were "severe." (Doc. No. 13 at 1-3.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The medical evidence provides substantial evidence to support the ALJ's decision.

Neurologist Kathryn Chenault, M.D., evaluated Plaintiff for headaches that had "gotten worse over the past months." (Tr. 321.) Dr. Chenault's examination revealed normal findings and the diagnostic test results were all normal. (Tr. 321-323.) It is also noteworthy, as the Commissioner points out, that Plaintiff did not allege disabling headaches when applying for disability benefits. (Tr. 166.) Furthermore, it appears Plaintiff's headaches were a side effect of her prescribed medications. Plaintiff testified she was "having really bad headaches" from taking Wellbutrin. (Tr. 32.) According to her testimony, it appears switching medications helped. (*Id.*) Therefore, I find no reversible error on this point.

Plaintiff also argues that the ALJ failed to give proper weight to the opinion of Ron Faupel, Psy.D. (Doc. No. 13 at 4-6.) Dr. Faupel performed a Mental Diagnostic Evaluation of Ms. Hill and found she was significantly impaired due to anxiety and poor concentration. (Tr. 324-327.) But the ALJ discounted Dr. Faupel's conclusion because evidence shows Ms. Hill's mental limitations are largely due to her use of methamphetamines. (Tr. 16-17.) The ALJ noted Ms. Hill did not admit her methamphetamine use to Dr. Faupel "even though this would have impacted her mood disorder." (Tr. 16.) He concluded, "The record seems to reflect that, during the times when the claimant's mood swings were most severe and she was most angry and aggressive, she tested positive for methamphetamines." (Tr. 16.) A review of the medical evidence supports the ALJ's findings on this point. (Tr. 402, 407, 413, 454-455, 457, 460.) The evidence also supports the ALJ's conclusion that Ms. Hill "has never required hospitalization for a mood disorder when she was NOT using drugs." (Tr. 17.) And as the Commissioner points out, the evidence shows Ms. Hill does markedly better when she has been off methamphetamines and in a structured environment. So, I find the ALJ's assessment was proper.

Plaintiff also argues that the ALJ incorrectly relied on the Medical-Vocational Guidelines

4

and failed to follow the Programs Operations Manual System. I have considered her arguments and find them to be without merit.

Ms. Hill has a number of issues and I am sympathetic to her claims. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case. Plaintiff has simply not met her burden of proving she is disabled. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Ms. Hill's counsel has done an excellent job of advocating for her rights in this case. Yet it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 21st day of September, 2018.

                                            JOE J. VOLPE  
                                            UNITED STATES MAGISTRATE JUDGE